UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

CASEY D. BECKHAM,

Defendant/Petitioner.

No. 2:09-CR-0146-LRS-1
No. 2:09-CR-0167-LRS-1

**ORDER GRANTING MOTIONS TO VACATE SENTENCE; VACATING JUDGMENTS**

BEFORE THE COURT are Petitioner Casey D. Beckham's Motions to Vacate his sentence filed pursuant to 28 U.S.C. § 2255 and with the assistance of counsel in both the above referenced cases. (ECF No. 62 in 09-146 and ECF No. 47 in 09-167). The United States as Respondent has responded in opposition (ECF No. 66). Petitioner filed a Reply (ECF No. 67), an "Amendment" to the Motion (ECF No. 68), and a Declaration re: Supplemental Authority (ECF No. 71). Oral argument was heard on July 7, 2016. (ECF No. 70).

Petitioner asks the court to vacate his sentences because he was sentenced pursuant to the Armed Career Criminal Act (ACCA) in violation of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015). *Johnson* invalidated the so-called "residual clause" of the ACCA. Specifically, Petitioner contends that his prior Washington state convictions for first and second degree burglary no longer qualify as "violent felonies" in light of *Johnson*. Petitioner contends that he therefore no longer has three predicate convictions supporting his classification as an Armed Career Criminal. Petitioner's "Amendment" to the Motion alternatively argues his sentences are unlawful on the basis that his "Guideline range was enhanced on the basis of the now-unconstitutional residual clause" under U.S.S.G. §4B1.2(a).

**I. Background**

In October 2009, Beckham was charged by Indictment in Cause No. 09-CR-146-LRS with two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g), possession and sale of a stolen firearm, and possession of an unregistered firearm. Typically these offenses were subject to a statutory maximum penalty of ten years' imprisonment and 3 years of supervised release. 18 U.S.C. § 924(a)(2). A defendant is subject to an enhanced sentence under the ACCA, however, if he has

three or more convictions committed on occasions different from one another that qualify as a "violent felony" or a "serious drug offense," as defined in the ACCA. *Id*. § 924(e)(1). Beckham was notified that an ACCA offender faces 15 years' to life imprisonment and a maximum 5-year term of supervised release. *Id.*

In December 2009, Beckham was indicted in a second case, Cause No. 09-CR-167-LRS on charges of distribution of 5 grams or more actual (pure) methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and possession with intent to distribute 50 grams or more of actual methamphetamine. On these charges, Beckham faced mandatory minimum 5 and 10 years imprisonment respectively.

The parties entered into a Plea Agreement pursuant to Fed.R.Crim.P. 11(c)(1)(C) with a comprehensive resolution of both Indictments. Beckham agreed to plead guilty to one count of felon in possession of a firearm and the distribution charge, and the Government agreed to dismiss all of the remaining charges in both Indictments. The parties stipulated that a sentence of 188 months imprisonment followed by a 10-year term of supervised release "is an appropriate disposition of this case." (ECF No. 37 at 19). The plea agreement articulated Beckham's criminal history as having 28 prior felonies and his ACCA exposure listing five Washington state first and second degree burglary convictions. (ECF No. 37 at 18).

If accepted, this type of agreement would bind the court to the parties' recommendation. The Government reserved the right to withdraw from the plea agreement "if the Court imposes a lesser sentence than agreed upon" and the Defendant reserved the option to withdraw if the court imposes a harsher sentence. Beckham also explicitly agreed that:

> Should the Defendant successfully move to withdraw from this Plea Agreement *or* should the Defendant's conviction…be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; and the United States may prosecute the Defendant on all available charges involving or arising from the possession and distribution of controlled substances, possession and unlawful sale of firearms and ammunition, and possession and use of firearms in furtherance of drug trafficking.

*Id*. at ¶ 20.

The Presentence Report concluded that Beckham qualified as a career offender under the U.S. Sentencing Guidelines and an Armed Career Criminal under ACCA based upon his four Second Degree Burglary (RCW 9A.52.030-F) and First Degree Burglary (RCW 9A.52.020(1)(a)-(f)) convictions. The PSR grouped the counts together for purposes of the Guideline calculation and concluded the Final Offense Level was 33, the Criminal History category VI, and the Guidelines Range **235 to 293 months** (i.e. 19- 24 years). Defendant objected to the ACCA finding and the parties briefed the issue. The objection was overruled at a combined sentencing

hearing on the two Indictments. The court accepted the parties' Plea Agreement and Beckham was sentenced to two 188-month terms of imprisonment, each to run concurrent with one another, and concurrent terms of supervised release of 10 years (the maximum under ACCA on the firearm count) and 5 years on the drug count.

Beckham did not appeal his sentence.

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, such a motion may be brought on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

## III. ANALYSIS

Petitioner argues *Johnson* removed his burglary offenses from the scope of § 924(e)'s definition of "violent felony," which precludes his qualification under ACCA. He contends his sentence on the firearm charge (both the term of

imprisonment and supervised release) exceed the statutory maximums permitted by law. Petitioner argues that since the firearm and gun sentences were "part of the same package," he must be resentenced in both cases. Beckham does not seek to withdraw his guilty pleas or void the entire plea agreement.

**A. ACCA Enhanced Sentence**

Respondent does not dispute that Petitioner's sentence on the firearm count was pursuant to the ACCA. ACCA gives three definitions of "violent felony." First, § 924(e)(2)(B)(i) refers to any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is known as the "elements clause." Second, § 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause." *Johnson* held that ACCA's "residual clause" is unconstitutional. This rule applies retroactively to cases on collateral review. *See Welch v. United States*, __ U.S. __, __, 136 S. Ct. 1257, 1268 (2016).

After *Johnson*, Petitioner's first and second degree burglary convictions meet none of these definitions. Although the PSR and this court did not specify which definition it relied upon, the Government specifically argued at sentencing that

ACCA's residual clause applied. (ECF No. 48 at 6). At the time of Petitioner's sentencing, the Government acknowledged that the Ninth Circuit had already held in *U.S. v. Wenner*, 351 F.3d 969 (9th Cir. 2003) that Washington's burglary statute did not categorically qualify as a generic burglary under the enumerated offense clause. Since then, this court, and others, have continued to hold that Washington's second degree burglary is not a categorical match for "generic burglary" and because the statute is indivisible, broader than "generic burglary" and is indivisible, it therefore can't be an ACCA predicate under the enumerated clause of ACCA. *See U.S. v. Gray*, EDWA Cause No. 06-CR-2017-LRS; *cf. Mathis v. United States*, 136 S.Ct. 2243 (June 23, 2016) (holding that Iowa burglary is not "categorical burglary" as the elements of Iowa burglary law are broader than those of generic burglary"). Like its second degree counterpart, Washington's first degree burglary statute encompasses the same broader definition (of "building") and thus is not a generic burglary. Finally, neither Washington's first or second degree burglary statute have violent force as an element.

The *Johnson* decision dictates that Petitioner's prior burglary convictions cannot be used to designate Petitioner as an Armed Career Criminal. As a result, Petitioner's 188-month sentence on the firearm count exceeds the maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 68 months.

Petitioner's 5-year supervised release term exceeds the maximum authorized sentence by 2 years.

**B. Concurrent Sentence and Sentencing Package Doctrines**

Respondent contends the court should have declined review of the merits of this Petition under the concurrent sentence doctrine. The doctrine provides the court with discretion not to reach the merits of a claim attacking fewer than all multiple concurrent sentences if success on the claim would not have any collateral consequences or change the term of imprisonment. *See, e.g., Benton v. Maryland*, 89 S.Ct. 2056, 2059–61 (1969); *Barnes v. United States*, 230 F.3d 1362 (8th Cir. 2000) (affirming the district court's use of the concurrent-sentence doctrine to decline to address the merits of the defendant's § 2255 claim). Respondent contends that because the Petitioner was sentenced to concurrent terms of imprisonment of 188 months, habeas relief on the firearm sentence will have no effect on Petitioner's time in custody.

The concurrent sentence doctrine has been described by the Supreme Court as "haphazardly [] applied" and "without…any satisfactory explanation," other than as a "rule of judicial convenience." *Benton v. Maryland*, 395 U.S. 784, 789–91 (1969). It has been completely abandoned by the Ninth Circuit in the context of direct appeals because declining review "for reasons of judicial economy, impinges upon

the defendant's statutory right." *U.S. v. De Bright*, 730 F.2d 1255 (9th Cir. 1984). Only the 11th Circuit has extended the doctrine to the post-*Johnson* §2255 context. *See In re Williams*, 2016 WL 3460899, at *5 (11th Cir. June 24, 2016). This case is not analogous to *In re Williams*, as it is not a case involving a mandatory life sentence or a concurrent sentence "unrelated to" the ACCA sentence. *See e.g., In re Davis*, 206 WL 4070987 (11th Cir. July 21, 2016)(declining to apply *Williams* where "the judge sentenced [the Defendant] based on a single Sentencing Guidelines range for [Defendant's] ACCA violation combined with his conspiracy crime.").

The court rejects application of the concurrent sentence doctrine on the facts of this case. The Sentencing Guidelines calculation in this case was a single calculation grouping both counts of conviction together. The court consulted the Guidelines in deciding whether to accept the plea agreement. This court's sentencing decision on the drug count was no doubt informed by Petitioner's ACCA designation. Accordingly, it is not clear Petitioner did not suffer adverse collateral legal consequences from the unlawful sentence.

Furthermore, the "sentencing package" doctrine permits the court to revisit both the firearm and drug sentences because the sentences imposed. A "sentencing package," consists of interdependent components of a single unified sentencing

scheme. *See United States v. Ruiz-Alvarez,* 211 F.3d 1181, 1185 (9th Cir.2000) (noting that when a conviction is vacated, the district court "may recalculate and resentence the defendant on convictions that still stand"); *United States v. Barron,* 172 F.3d 1153, 1160 (9th Cir.1999) (en banc) (holding that when a plea conviction is vacated the court should not set aside the plea agreement, but rather should resentence the defendant on the remaining counts, "taking into account any relevant enhancements under the Sentencing Guidelines"); *United States v. Handa*, 122 F.3d 690, 692 (9th Cir.1997) (holding that when part of the sentencing "package" is set aside, "the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted"); s*ee also*, *United States v. Gordils*, 117 F.3d 99, 102 (2nd Cir. 1997) (explaining "the district court's power extends not just to the conviction attacked by a defendant but to an aggregate ... term of imprisonment"); *Pasquarille v. United State*s, 130 F.3d 1220, 1222 (6th Cir. 1997); *U.S. v. Watkins*, 147 F.3d 1294, 1297 (11th Cir. 1998)(when the "sentencing package [becomes] 'unbundled,' " the district court has the authority to "recalculate and reconsider [the defendant's] sentence for it to comport with the district court's original intentions at sentencing."). The purpose of the sentencing package doctrine is to allow the district court "to resentence in order to carry out *its* original intent, regardless of the

parties' machinations." *U.S. v. Catrell*, 774 F.3d 666, 671 (10th Cir. 2014)(emphasis in original).

The court acknowledges that difficult questions exist regarding the breadth of the "sentencing package" doctrine. It is well established in cases involving direct appeals of sentences with interdependent, consecutive counts of a *single* indictment. However, more complex issues arise when the context involves the interplay between Rule 11(c)(1)(C) plea agreements and multiple-count, concurrent convictions, involving separate Indictments and sentences set aside in §2255 proceedings.[1] The Tenth Circuit has held that the sentencing package doctrine can

[1] At least one court has held that if the court accepts a Rule 11(c)(1)(C) agreement, and a defendant later seeks to challenge the legality of his sentence, he must challenge the validity of *the entire agreement*, not simply one provision. *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir.1996) ("If we rule that some provision of the plea agreement is invalid, we must discard the entire agreement and require her and the government to begin their bargaining all over again. We cannot preserve one part of her bargain—the government's promise to drop [some] charges—and discard another—her promise to serve ... sentences on [other] charges."); *United States v. Peterson*, 268 F.3d 533, 534 (7th Cir. 2001)("The whole plea agreement stands, or the whole thing falls."); *U.S. v. Gibson*, 490 F.3d 604, 607-608 (7th Cir. 2007)(affirming the voiding of the entire agreement and remanding for further

apply to sentences crafted pursuant to Rule 11(c)(1)(C). *U.S. v. Catrell*, 774 F.3d 666 (10th Cir. 2014). The court is unaware of any Ninth Circuit precedent in this precise context, though a complete survey of the cases reveals one Ninth Circuit panel which was "not persuaded that the 'accept it or reject it' nature of the Rule [11(c)(1)(C )] plea" deprives the court of the ability to recalculate and adjust sentences on multiple counts of conviction. *U.S. v. Livingston*, 2002 WL 460820 (9th Cir. 2002)(*unpublished and not cited for precedential value*).

Ultimately, given the imposition of an unlawful sentence, it is the obligation of this court to fashion relief within the bounds of due process so as to ensure the sentence comports with the court's intentions and the law. Where the sentence (but not the conviction) is infirm, the options open to the court are to re-sentence or correct the sentence. Because the sentencing scheme in these cases has been disrupted by incorporation of an unlawful ACCA-enhanced sentence, resentencing on both the firearm and drug offenses is the most appropriate form of relief in these circumstances.

///

---

proceedings because "[w]e cannot preserve a plea under Rule 11[(c)(1)(C)] but dispose of the sentence.").

## IV. CONCLUSION AND ORDER

IT IS HERE BY ORDERED:

1. Petitioner's § 2255 Motions to Vacate Sentence in light of *Johnson v. United States* (ECF No. 62; ECF No 47) are GRANTED.
2. Judgments in these criminal cases are **VACATED** and Defendant shall be resentenced as soon as reasonably practicable. A separate scheduling order will be entered.
3. The Defendant is to remain in custody pending resentencing. **If the Defendant is housed at a Bureau of Prisons facility,** the United States shall issue a writ for the Defendant's transport, reasonably in advance of resentencing to ensure the Defendant's presence for purposes of a presentence investigation report interview with the Probation Officer.
4. Probation Office shall prepare a supplemental Presentence Investigation Report.
5. The parties are granted leave to file sentencing memoranda as to the sentence to be imposed and the procedure to be employed in imposing the sentence.

///

///

The Clerk of the Court shall file this order and furnish copies to counsel, to U.S. Probation, and the U.S. Marshals.

DATED this 16th day of August, 2016.

***s/Lonny R. Suko***

LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE